UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VAUGHN SCOTT, NIGERIA SCOTT, PRINCE
SCOTT, ANDRE HARRIS, BRENDA SCOTT,
KRAIG UTLEY, COREY MARROW, A.S. A
MINOR CHILD, K.M., A MINOR CHILD, AND
JULIAN RENE,

                      Plaintiff,                     **Index No. 14cv4441**

      -against-                                  **ANSWER**

THE CITY OF MOUNT VERNON, et al,

                      Defendant.
------------------------------------------------------------------X

        Defendants, THE CITY OF MOUNT VERNON, et al, by the Office of the Corporation Counsel, answering the Complaint of Plaintiff alleges, upon information and belief:

        1.    Does not answer sections numbered "I", "II", "III", "IV", and "V" of the Complaint.

        2.    Answering sections numbered "VI" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "28" with the same force and effect as if fully set forth at length herein.

        3.    Denies the truth of each and every allegation contained in paragraphs numbered "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55" and "56" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM OF RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

5. Answering paragraph numbered "57" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission

contained in paragraphs "1" through "56" with the same force and effect as if fully set forth at length herein.

    6.    Denies the truth of each and every allegation contained in paragraphs numbered "58", "59", "60", "61", "62" and "63" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM OF RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

7. Answering paragraph numbered "64 " of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "63" with the same force and effect as if fully set forth at length herein.

    8.    Denies the truth of each and every allegation contained in paragraphs numbered "65" and "66" of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CLAIM OF RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

9. Answering paragraph numbered "67 " of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "66" with the same force and effect as if fully set forth at length herein.

    10.    Denies the truth of each and every allegation contained in paragraphs numbered "68", "69", "70", "71", "72" and "73" of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CLAIM OF RELIEF
## FALSE IMPRISONMENT AND ARREST UNDER NEW YORK STATE LAW

11. Answering paragraph numbered "74 " of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission

contained in paragraphs "1" through "73" with the same force and effect as if fully set forth at length herein.

12. Denies the truth of each and every allegation contained in paragraphs numbered "75", "76", "77", "78", "79" and "80" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CLAIM OF RELIEF
## ASSULT AND BATTERY UNDER 42 U.S.C. § 1983 and UNDER NEW YORK STATE LAW

13. Answering paragraph numbered "81" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "80" with the same force and effect as if fully set forth at length herein.

14. Denies the truth of each and every allegation contained in paragraphs numbered "82", "83" and "84" of the Complaint

## AS AND FOR AN ANSWER TO THE SIXTH CLAIM OF RELIEF
## NEGLIGENCE UNDER 42 U.S.C. § 1983 and UNDER NEW YORK STATE LAW

15. Answering paragraph numbered "85" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "84" with the same force and effect as if fully set forth at length herein.

16. Denies the truth of each and every allegation contained in paragraphs numbered "86", "87", "88", "89" and "90" of the Complaint

## AS AND FOR AN ANSWER TO THE SEVENTH CLAIM OF RELIEF
## NEGLIGENCE UNDER 42 U.S.C. § 1983 and UNDER NEW YORK STATE LAW

17. Answering paragraph numbered "91" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission


contained in paragraphs "1" through "90" with the same force and effect as if fully set forth at length herein.

18. Denies the truth of each and every allegation contained in paragraphs numbered "92", "93" and "94" of the Complaint

## AS AND FOR AN ANSWER TO THE EIGHTH CLAIM OF RELIEF RESPONDEAT SUPERIOR UNDER NEW YORK STATE LAW

19. Answering paragraph numbered "95" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "94" with the same force and effect as if fully set forth at length herein.

20. Denies the truth of each and every allegation contained in paragraphs "96", "97", "98", "99" and "100" of the Complaint.

## AS AND FOR AN ANSWER TO THE NINTH CLAIM OF RELIEF MONELL UNDER 42 U.S.C. § 1983

21. Answering paragraph numbered "101" of Plaintiff's Verified Complaint, Defendant repeats, reiterates and realleges each and every denial and admission contained in paragraphs "1" through "100" with the same force and effect as if fully set forth at length herein.

21. Denies the truth of each and every allegation contained in paragraphs "102", "103", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116" and "117", of the Complaint and will move to strike forthwith.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If the plaintiff sustained damages as alleged in the complaint, which is expressly denied by these answering defendants, then such damages were caused in whole or

in part by the culpable conduct of the plaintiff. The amount of damages otherwise recoverable, if any, shall therefore be diminished in the proportion that said culpable conduct attributable to plaintiff bears to the culpable conduct that caused such injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiff sustained damages, as alleged in the complaint, other than by reason of his own culpable conduct and comparative negligence, which is expressly denied by defendant, then such injuries and damages were caused in whole or in part by the culpable conduct of some third person or persons over whom the defendants exercised no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against OFFICER ALLEN, OFFICER CAMILO ANTONINI, OFFICER TIMOTHY BRILEY, DET. BRENT GAMBLE and SGT. STEVEN SEXTON or any other Officer of the Mount Vernon Police Department since their conduct did not rise to the level of morally culpable conduct that would support such a claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and without the intent to violate plaintiff's civil rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any and all officers named in this suit are protected from suit by the doctrine of absolute immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's constitutional and statutory rights were not violated by the defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The City of Mount Vernon cannot be held liable based on respondent superior for the alleged violations of plaintiff's civil rights.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the answering defendants are frivolous.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The actions of the defendants were justified under the circumstances.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs fall to appear for a hearing pursuant to General Municipal Law 50-H Defendants preserve their right to move to strike all state law claims should be dismissed.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

If the plaintiff sustained damages as alleged in the complaint, which is expressly denied by these answering defendants, then, such damages were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages otherwise recoverable, if any, shall therefore be diminished in the proportion that said culpable conduct attributable to plaintiff bears to the culpable conduct that caused such injuries.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages against the Defendants since the conduct alleged did not rise to the level of morally culpable conduct that would support such a claim.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Officers herein engaged in a reasonable search.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The search was under exigent circumstances and the circumstances provided probable cause to search.

## AS AND FOR EIGHTEENTH AFFIRMATIVE DEFENSE

The officers had probable cause to search and seize the Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The officers had arguable probable cause.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The officers determined that there was a fair probability that contraband and weapons or evidence of a crime would be found at the location in question so they had legal authority to enter the Plaintiffs premises, to search the premises and secure the premises.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The warrant granted to the officers was issued on probable cause and was not the result of fraud, perjury or suppression of evidence by the police, and for this reason the Defendants are not liable.

## AS AND FOR AN TWENTY -SECOND AFFIRMATIVE DEFENSE

The Defendants did not have a conspiratorial agreement with any other entity against the Plaintiff.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no evidence in the record from which one could draw an inference of conspiracy.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

There is no policy, custom in the City of Mount Vernon which caused a violation of the Plaintiff's constitutional rights, thus Plaintiff is not entitled to any relief under any Monell claims.

WHEREFORE, Defendants, THE CITY OF MOUNT VERNON, ET AL, demand judgment dismissing the Complaint, or in the event defendants are adjudged liable, granting judgment over or apportioning such liability in accordance with its equitable share of responsibility and awarding the costs of this action, together with such other and further relief as this Court deems just and proper.

Dated: November 17, 2014
      Mount Vernon, New York

Yours, etc.,

Office of the Corporation Counsel
Attorney for Defendant
The City of Mount Vernon
Office and PO Address
One Roosevelt Square
Mount Vernon, New York 10550

By: HINA SHERWANI Assistant
Corporation Counsel (HS8283)

To:
DAVID A. THOMPSON, ESQ.
ATTORNEY FOR PLAINTIFF
10 SPRINGS STREET
NEW YORK, NEW YORK 10012
(212) 566-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VAUGHN SCOTT, NIGERIA SCOTT, PRINCE SCOTT, ANDRE HARRIS, BRENDA SCOTT, KRAIG UTLEY, COREY MARROW, A.S. A MINOR CHILD, K.M., A MINOR CHILD, AND JULIAN RENE,

        Plaintiff

-against-

THE CITY OF MOUNT VERNON, ET AL,

        Defendants.

---

Docket No. 14cv4441 ( )
DEFENDANTS' INITIAL INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Defendants hereby requests that Plaintiff serve upon the undersigned sworn written answers to each of the supplemental interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of the Corporation Counsel for the City of Mount Vernon, One Roosevelt Square, Room 111 Mount Vernon, New York 10550, within 30 days after service hereof.

These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, plaintiffs obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiffs shall, within thirty (30) days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## INSTRUCTIONS

1. Your answers must include knowledge or information in the possession of your agents, representatives and attorneys.

2. These Interrogatories and requests are continuing in character, so as to require the filing of supplemental answers and documents if further or different information or documents are obtained prior to trial.

3. The term "person" includes individuals, corporations and other entities. Where the name or identity of a person is requested, please state full name, home address, business address and telephone number. When answer is made by a corporation or other legal entity, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his/her information.

4. Unless otherwise indicated, these Interrogatories and requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleading.

5. If you cannot answer fully after conducting a reasonable investigation, please so state and answer to the extent that you can, stating what information you do have and the efforts you made to obtain the further information.

6. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## INTERROGATORIES

1. State your full name, residence addresses since age 18, date and place of birth, social security number, driver's license number, all names by which you have been known, and the reasons for the name changes.

2. Give the name and address of your present spouse, the date and place of your marriage, the names and addresses of each previous spouse, the state and county where the divorce action was brought, the date upon which the divorce was granted, and the names, dates of birth, and addresses of your children, whether or not grown.

3. Summarize your educational background, beginning with high school, and for each institution, secondary school, college, university, vocational school, or specialized training attended, list the dates of attendance, and the diploma, degree, or certificate received, and whether you were disciplined for any reason, including but not limited to acts involving alleged dishonesty.

4. Describe your participation in the armed forces, the dates of service, branch, where you were stationed, rank at discharge, nature and reason for discharge, whether you received benefits for any injuries, armed services number, and veterans claim or "C" number.

5. Specify all of your past contacts with police officers, sheriff's deputies, and other law enforcement agencies, whether favorable or unfavorable, including but not limited to motor vehicle stops, detentions, calls for service, investigations, domestic disturbances, arrests, and convictions.

6. List your entire employment history since age 18 and other income producing activity in chronological order, with the full name, address and telephone number of each employer or other business relationship, your duties and responsibilities, average weekly wages or earnings, whether a physical examination was required, whether you made an application for workers' compensation or disability, the name of your foreman or supervisor, whether you were disciplined for any reason, and the reason each employment or other business relationship was terminated.

7. Provide your complete medical history prior to the incident described in your lawsuit, including the names, addresses and telephone number of your regular primary care physician; the name, address, telephone number of your health insurance carrier; the name, address, and telephone number of all hospitals where you were an in or outpatient, and the reasons for the hospitalization; and all illnesses or injuries you suffered prior to the incident, specifying each that you had not fully recovered from prior to the incident.

8. State your complete psychological history prior to the incident described in your lawsuit, including the name, address and telephone number of all the therapists and counselors who have treated or examined you, the names, address and telephone numbers of all hospitals, rehabilitation facilities or clinics and the nature of the service provided, and any illnesses or conditions, including drug and alcohol dependency, for which you have received treatment or counseling and the dates thereof.

9. Give your work schedule, physical, social and other activities for 24 hours before the incident, including the name, address and telephone numbers of all individuals who were with you, when you had gone to bed and arisen, how much

alcohol you consumed, and whether you took any prescription or nonprescription medications or drugs, their names and the quantity or dosage.

10. Narrate in your own words and in full, complete and accurate detail the incident described in your lawsuit, including exactly (or if you cannot recall the substance of) what you and each other person who was present said and did.

11. Identify by name, address and telephone number (or describe if the identity is unknown), each law enforcement officer (with badge number), companion or associate of yours, and uninvolved witness on the scene, and furnish the exact words (or if you cannot recall the substance of statements made) and actions taken by each such witness shortly before, during and after the incident.

12. If you claim false arrest, detention or confinement, describe each act or omission which forms the basis of the claim; each law enforcement officer involved; the reasons given for your arrest, detention or confinement and charges made at the scene; the reasons given and charges brought subsequently if different from those made at the scene; the nature of your confinement and the limitations on your movement, e.g. in police cruiser, handcuffs, police station, jail cell; the time, date and place of release and the conditions placed thereon.

13. If you claim excessive force, identify each police officer directly involved, and with respect to each, list each act that constituted excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

14. Specify any violation, motor vehicle, or criminal charges brought or threatened against you in connection with the events which form the basis of your complaint, including whether, when and where they were presented to a grand jury, whether, when and in what court the charges were heard and their disposition, i.e., whether not prosecuted, a guilty plea, a trial and finding of guilty, and any sentence and fine imposed.

15. If you contend that any police officer who was not on the scene of the incident, any other public official, or a municipal policy, custom, practice, or procedure caused or contributed to cause your injuries, identify each decision, act or omission that you allege fixes liability; each decision maker involved; and the law, regulation, directive, practice or procedure that was employed in derogation of your rights.

16. If you claim a third party (i. e., not an employee of or the municipal law enforcement agency) caused or contributed to cause your injuries, detail the acts or omissions that third party committed, and, if suit was brought, state its status, and, if suit was not brought, the reasons therefor.

17. Provide a complete medical history subsequent to the incident, including any hospitalizations, injuries, and illnesses that you do not relate to the incident; a description of the injuries you did receive in the incident; the diagnostic tests given, where given, and the results; the course of treatment; the names,

addresses, and telephone numbers of emergency rooms, hospitals, and clinics where you were an in or out patient and the dates of treatment; the names, addresses, and telephone numbers of all physicians, osteopaths, chiropractors, physical therapists and other health care providers who examined, treated and cared for you, and the dates of service; and the names of all medications taken and the specific purpose for taking them.

18. Chronicle your recovery, including when you experienced pain and discomfort with respect to each injury complained of the period of time you were unable to perform particular activities around the house and at work, specifying any you say you still cannot perform satisfactorily and all persons who have knowledge thereof; and when you reached a medical endpoint with respect to each injury, indicating which you contend are permanent and providing any medical evidence in your custody or control of the percentage of permanent disability.

19. List in detail any psychological examinations, care or treatment you have received which you attribute to the incident, the name, address and telephone number of each therapist, psychologist, counselor or the like, results of any tests, diagnosis, course and dates of treatment, date you reached an endpoint, and when and whether you have been released from care.

20. Describe your employment since the incident, the dates you intend to show you were fully disabled from work, the dates you were partially disabled from work, your lost wages and any change in job assignment because of the disability, any claims for future lost earnings and earning capacity, and the names, addresses and telephone numbers of all persons having personal knowledge of these losses.

21. Itemize all medical, hospital, doctor, physical therapy, health care provider and counseling bills and expenses, lost wages and earnings, and any other past or future losses, expenses, and other out-of-pocket payments attributable to the event.

22. State whether you, your attorneys, or anyone acting on your behalf have taken any oral or written statements, have in their possession, or know of the existence of any such statements by you or anyone else claiming to have knowledge of the facts concerning the incident complained of, and, if so, state the name, address and telephone number of each such person, and the location and custodian of each such statement.

23. Specify the name, address and qualifications of all witnesses that you expect to call as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

24. What records, reports, statements, tapes, documents, policies, procedures, handbooks, sketches, plans, blueprints, x-rays, and invoices are in the custody or control of you or your attorney relating to the subject matter of this lawsuit?

25. Do you agree that the foregoing interrogatories are continuing in

nature, and if further knowledge or information comes to the attention of you or your attorney, you will amend or supplement your answers?

November 17, 2014  
Mount Vernon, New York

Yours, etc.

Office of The Corporation Counsel  
Attorney for Defendant  
The City of Mount Vernon  
Office and PO Address  
One Roosevelt Square  
Mount Vernon, New York 10550

By: HINA SHERWANI ( HS8283)  
ASSISTANT CORPORATION COUNSEL

**To: DAVID A. THOMPSON, ESQ., ESQ.**  
 Attorney for  
 David A. Thompson, Esq.  
David A. Thompson, Esq.  
10 Springs Street  
New York, NY  10012  
 (212) 566-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VAUGHN SCOTT, NIGERIA SCOTT, PRINCE
SCOTT, ANDRE HARRIS, BRENDA SCOTT,
KRAIG UTLEY, COREY MARROW, A.S. A
MINOR CHILD, K.M., A MINOR CHILD, AND
JULIAN RENE,

                              Plaintiff,

    -against-

THE CITY OF MOUNT VERNON, ET AL,

                              Defendant.

## VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

**OFFICE OF THE CORPORATION COUNSEL**
*Attorney for*
*Office and Post Office Address*
City Hall – Roosevelt Square
Mount Vernon, New York 10550
Telephone No. (914) 665-2366

Service of copy of the within                                                             is
hereby admitted.

Dated,

                                                                   Attorney(s) for

**PLEASE TAKE NOTICE**

☐   NOTICE OF ENTRY   *that the within is a (certified) true copy of*               2014
                               *entered in the office of the clerk of the within named court on*

☐   NOTICE OF   *that an Order of which the within is a true copy will be presented for settlement to the*
Hon.
     SETTLEMENT                                                             *one of the judges of the within named Court,*
                          at
                          on        2014,       at       M.

     *Dated:*

                                                                  Office of the
                                                                 Corporation Counsel
                                          *Attorney for*        *Defendant City of Mount Vernon*
                                                                 City Hall
                                                                 Mount Vernon, New York 10550

         To
         Attorney(s) for