IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

VAUGHN SCOTT, NIGERIA SCOTT, PRINCE
SCOTT, ANDRE HARRIS, BRENDA SCOTT,
KRAIG UTLEY, COREY MARROW,
A.S, A MINOR CHILD, K.M., A
MINOR CHILD, AND JULIAN RENE

*Plaintiffs*,

-against-

THE CITY OF MOUNT VERNON, a municipal entity,
MT. VERNON POLICE OFFICER ALLEN,
MT. VERNON POLICE OFFICER CAMILO
ANTONINI, MT. VERNON POLICE OFFICER
TIMOTHY BRILEY, MT. VERNON POLICE
OFFICER DET. BRENT GAMBLE, MT. VERNON
POLICE OFFICER SGT. STEVEN SEXTON,
CITY OF MT. VERNON POLICE
DEPARTMENT, AND POLICE OFFICERS JOHN
DOES 1-10,

*Defendants*.
--------------------------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

ECF CASE

INDEX NO.

14 CV 4441

JUDGE STEIN

## I. Preliminary Statement

1. The plaintiffs are a law-abiding family, including minor children and their grandmother. On March 20, 2013, members of the Mount Vernon Police Department, including the defendants named herein, unlawfully invaded the plaintiffs' apartment. The officers held the plaintiffs prisoner in their own apartment for almost five hours. During this time, none of the plaintiffs were free to leave, and all of them were under unlawful arrest. The officers damaged and destroyed fixtures and furnishings. No lawful reason for this action was ever given.

## II. Jurisdiction



2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

3. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally-based claims and causes of action.

## III. VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

## IV. JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

6. The City of Mount Vernon is a municipal corporation having its principal place of business at 1 Roosevelt Square, Mount Vernon, N.Y.

7. The City of Mount Vernon Police Department is a division of the city government of the City of Mount Vernon, having its principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

8. Collectively, the City of Mount Vernon and the City of Mount Vernon Police Department will be referred to as the "Municipal Defendants."

9. Andre Harris is a resident of Westchester County.

10. Prince Scott is a resident of Westchester County.

11. Corey Marrow is a resident of Westchester County.

12. Kraig Utley is a resident of Westchester County.

13. Nigeria Scott is a resident of Westchester County.

14. Brenda Scott is a resident of Westchester County.

15. Julian Rene is a resident of Westchester County.

16. Vaughn Scott is a resident of Westchester County.

17. A. S. is a minor child represented by her parent Vaughn Scott, and is a resident of Westchester County.

18. K.M. is a minor child represented by his parent Vaughn Scott, and is a resident of Westchester County.

19. Mount Vernon Police Officer Allen ("Allen") is an officer and employee of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

20. Mount Vernon Police Officer Camilo Antonini ("Antonini") is an officer and employee of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

21. Mount Vernon Police Officer Timothy Briley ("Briley") is an officer and employee of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

22. Mount Vernon Police Detective Brent Gamble "(Gamble") is an officer and employee of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

23. Mount Vernon Police Sergeant Steven Sexton ("Sexton") is an officer and employee of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt Square, Mount Vernon, N.Y.

24. Mount Vernon Police Officer John Does 1-10 are officers and employees of the Mount Vernon Police Department, having his/her principal place of business at 2 Roosevelt

Square, Mount Vernon, N.Y., who are named under alias because their true names are not presently known.

25. Collectively, defendants Allen, Antonini, Briley, Gamble, Sexton and John Does 1-10 will be referred to herein at the "Individual Defendants."

26. The term the "Defendants" will be used herein to refer collectively to the Individual Defendants and the Municipal Defendants.

27. At least thirty days have elapsed since the demand, claims upon which this action is founded were presented to a director or officer of Defendant THE CITY OF NEW YORK and the CITY has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

28. Pursuant to New York General Municipal Law § 50-e et seq., at least 30 days have elapsed since the service of notices of claim, and adjustment or payment thereof has been has been neglected or refused.

## VI. Facts Common to All Claims

29. At 6:00 PM on March 20, 2013, the plaintiffs were lawfully in their home at 328 South Second Street, Mount Vernon, N.Y.

30. Members of the Mount Vernon Police Department, including the Individual Defendants, entered the plaintiffs' home without a warrant.

31. The members of the Mount Vernon Police Department entered without the plaintiffs' consent.

32. The members of the Mount Vernon Police Department entered without a warrant.

33. The members of the Mount Vernon Police Department entered without probable cause.

34. When asked to leave by the plaintiffs, the Individual Defendants refused.

35. The Individual Defendants confined the plaintiffs inside the apartment.

36. The plaintiffs were not allowed to leave.

37. The plaintiffs were not allowed to move freely about the apartment.

38. The plaintiffs were not allowed to freely engage in their normal activities.

39. The plaintiffs were not allowed to make or receive phone calls.

40. Throughout the time the Individual Defendants were present, the threatened the plaintiffs with violence and arrest.

41. The unlawfully strip-searched Julian Rene, exposing his buttocks and genitals in full view of male and female members of the family, including a female minor child.

42. The Individual Defendants threatened to confiscate Nigeria Scott's vehicle.

43. The Individual Defendants illegally searched Nigeria Scott's vehicle.

44. The Individual Defendants unlawfully arrested Corey Marrow, and filed false charges against him of Obstructing Governmental Administration.

45. The Individual Defendants unlawfully arrested Prince Scott, and filed false charges against him of Obstructing Governmental Administration.

46. Brenda Scott suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

47. Andre Harris suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

48. Vaughn Scott suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

49. A.S. suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

50. K.M. suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

51. Nigeria Scott suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

52. Prince Scott suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

53. Corey Marrow suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

54. Kraig Utley suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

55. Julian Rene was subjected to unlawful and intrusive search. Julian Rene suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the

plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

56. The Individual Defendants illegally damaged or destroyed property which the plaintiffs owned, leased or which the Claimant was legally responsible to maintain in good condition; the property damaged or destroyed was a) kitchen cabinets, b) the bathroom sink and other bathroom fixtures, and c) three doors.

### FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

57. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. All of the aforementioned acts of the Defendants and their agents, servants and employees, were carried out under the color of state law.

59. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

      a.    Not to be deprived of liberty without due process of law;
      b.    To freely associate with others;
      c.    To be free from seizure and arrest not based upon probable cause;
      d.    To freedom from excessive force being used upon them;
      e.    To receive equal protection under the law.

60. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant THE CITY OF MOUNT VERNON and the Mount Vernon Police Department, all under the supervision of ranking officers of said

63. As a result of Defendants' unlawful conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF

### FALSE ARREST UNDER 42 U.S.C. § 1983

64. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. As a result of the aforesaid conduct by the Defendants, Plaintiffs were subjected to illegal, improper and false arrests by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

66. As a result of Defendants' unlawful conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF

### FAILURE TO INVERVENE UNDER 42 U.S.C. § 1983

67. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

68. Each of the Individual Defendants had an affirmative duty to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights.

69. Despite having a reasonable opportunity to do so, each of the Individual Defendants failed to intervene.

70. The Individual Defendants failed to intervene on Plaintiffs' behalf in order to prevent the violation of their constitutional rights despite having substantially contributed to the circumstances within which Plaintiffs' rights were violated by The Individual Defendants' affirmative conduct.

71. The Individual Defendants failed to intervene on Plaintiffs' behalf in order to prevent the violation of Plaintiffs' constitutional rights despite the Individual Defendants' awareness that Plaintiffs rights were being violated.

72. As a result of the aforementioned conduct of the individual defendants, Plaintiffs' constitutional rights were violated.

73. As a result of Defendants' unlawful conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### FOURTH CLAIM FOR RELIEF

### FALSE IMPRISONMENT AND ARREST UNDER NEW YORK STATE LAW

74. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

75. As a result of the aforesaid conduct by the Defendants, Plaintiffs were unlawfully detained and confined.

76. The Individual Defendants — in performance of their duties with powers and authorities designated upon them by the Municipal Defendants — intentionally confined Plaintiffs.

77. Plaintiffs were at all times consciously aware of their confinement by the Individual Defendants.

78. At no point throughout Plaintiffs' unlawful detention and confinement by the Individual Defendants did Plaintiffs consent to said confinement.

79. At no point throughout Plaintiffs' unlawful detention and confinement by the Defendant POLICE OFFICERS were the actions of the Individual Defendants otherwise privileged.

80. As a result of Defendants' impermissible conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### FIFTH CLAIM FOR RELIEF

### ASSAULT AND BATTERY
### UNDER 42 U.S.C. § 1983 AND NEW YORK STATE LAW

81. Plaintiff Julian Rene re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82. The Individual Defendants unlawfully forced the plaintiff Julian Rene to remove his clothing, and/or forcibly removed his clothing in the presence of his family, including female adults and one female child.

83. This constitutes an assault and/or battery.

84. As a result of Defendants' impermissible conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### SIXTH CLAIM FOR RELIEF

### NEGLIGENCE
### UNDER 42 U.S.C. § 1983 AND NEW YORK STATE LAW

85. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

86. Upon information and belief, the Individual Defendants named herein had established records of unlawful or negligent performance of their duties, including incidents of harassment of civilians, false arrest and excessive force.

87. The Municipal Defendants knew or should have known that the Individual Defendants required further supervision or training.

88. The Municipal Defendants knew or should have known that the Individual Defendants required reassignment to duties without direct contact with the public.

89. The Municipal Defendants failed to supervise, retrain, or reassign the Individual Defendants, causing the harm to the plaintiffs described herein.

90. As a result of Defendants' impermissible conduct, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE
### UNDER 42 U.S.C. § 1983 AND NEW YORK STATE LAW

91. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

92. Sergeant Sexton and Detective Gamble outranked other Individual Defendants who committed some of the unlawful acts stated herein.

93. Sergeant Sexton and Detective Gamble had a duty to supervise their subordinates to ensure that they performed their duties in accordance with the law, and they failed to do so.

94. As a result, Plaintiffs were injured and harmed. Accordingly, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### EIGHTH CLAIM FOR RELIEF

### RESPONDEAT SUPERIOR
### UNDER NEW YORK STATE LAW

95. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

96. The Municipal Defendants hired and supervised the Individual Defendants herein.

97. The Individual Defendants committed the wrongs stated herein while acting within the scope of their duties as employees of the Municipal Defendants.

98. Sergeant Sexton and Detective Gamble outranked other Individual Defendants who committed some of the unlawful acts stated herein.

99. Sergeant Sexton and Detective Gamble had supervisory authority over those officers that they outranked.

100. As a result the Municipal Defendants, Sergeant Sexton, and Detective Gamble and liable for the acts of their employees and subordinates under the theory of respondeat superior.

### NINTH CLAIM FOR RELIEF

### MONELL
### UNDER 42 U.S.C. § 1983

101. Plaintiffs re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102. Upon information and belief, the Individual Defendants named herein had established records of unlawful or negligent performance of their duties, including incidents of harassment of civilians, false arrest and excessive force.

103. The Municipal Defendants engaged in a policy and practice of encouraging police harassment of the disadvantaged and minority members of the community in the false name of public order.

104. Pursuant to this policy, members of the Mount Vernon Police Department, such as Antonini, routinely harassed the plaintiffs with unlawful stop and frisks, verbal harassment, false arrest, and threats.

105. Despite complaints by the plaintiffs, this conduct was allowed to continue.

106. Upon information and belief, former Commissioner Carl Bell is on the record stating in 2012 alone, a police officer waved a handgun in civilian's face and another cop took a civilian's cell phone.

107. Upon information and belief, in both of these incidents the Mayor's office prevented Commissioner Bell from disciplining these police officers.

108. Upon information and belief, the Municipal Defendants have a policy of tolerating rampant racism within the Mount Vernon Police Department, such as that exposed in the case of Sergeant Michael Marcucilli.

109. Upon information and belief, the City of Mount Vernon has failed to implement a proper Civilian Complaint Review Board that had been in the Mt. Vernon City Charter since 1992.

110. Upon information and belief, the Mayor of Mount Vernon, the City Council and the Ethics Board the city has failed to implement or revise said legislation.

111. Upon information and belief, the Municipal Defendants fail to comply with national standards according The National Association of Civilian Oversight of Law Enforcement.

112. Upon information and belief, Federal authorities are investigating, or have investigated, the Mount Vernon Police Department as a whole, for systematic police brutality and criminal civil rights violations.

113. In order to file a formal complaint against the Mount Vernon Police Department, a complainant is required to go to the police station and provide photo I.D. to a police officer in order to receive a complaint form.

114. The purpose and effect of this unlawful requirement is to intimidate complainants and prevent complaints from being filed.

115. This requirement is in place because the Municipal Defendants do not want a record of unlawful actions by the officers in their employ.

116. The Municipal Defendants want unlawful police tactics to continue, and they do continue.

117. Racism continues to infect the police department, victimizing the plaintiffs and other poor and minority members of the community like them.

DATED: NEW YORK, NY
JUNE 19, 2014

David A. Thompson, Esq.
*Stecklow Cohen & Thompson*
*Attorneys for Plaintiffs*