# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

April 29, 2016

BY ECF
Hon. Kenneth M. Karas
United States District Judge
Southern District Of New York
300 Quarropas St.
White Plains, N.Y. 10601

Re: Scott v. The City Of Mount Vernon, 14-cv-4441-KMK

Dear Honorable Judge Karas:

I write is the attorney for the plaintiffs in this action. This is a letter motion requesting a pre-motion conference concerning a motion that the Court strike the defendants' memorandum of law and Rule 56.1 statement, for the reasons stated herein.

As the Court may recall, the parties' deadline for submission of each party's motion for summary judgment was April 8, 2016. On April 8th, the plaintiffs filed their motion for summary judgment. The defendants did the same. However, the defendants' memorandum of law far exceeded the page limit fixed by this Court's individual rules. Pursuant to these rules, a memorandum of law is limited to 25 pages. The defendants' memorandum of law however, is 44 pages (excluding title page, signature page, and tables of contents and authorities). The defendants did not request leave from the Court, or consent from the plaintiffs, for this extremely long submission. Even if the defendants were unaware of this Court's particular individual rules, most courts impose a page limit for briefs, which is rarely higher than 30 pages. The defendants must have known that their filing violated the court rules. By claiming for themselves an additional 20 pages in which to make their arguments, the defendants gave themselves an unfair advantage. At the same time, the defendants imposed an unfair burden on the plaintiffs, who will have to respond to this voluminous filing. The plaintiffs respectfully request that the Court redress this unfairness.

One method of redress would be to grant the plaintiffs additional pages for their opposition. Given that the defendants submission is almost twice as long as the allowed limit, it might reasonably take the plaintiffs twice the normal limit of 10 pages to submit an adequate opposition. However, such a solution imposes on the plaintiffs the burden of writing a reply which is twice as long as it would otherwise be. (While it is not a fact that relates strictly to the merits, I will note that I suffer from wrist inflammation from repetitive stress which makes an "opportunity" to submit a more lengthy opposition memorandum unappealing). Another method of redress, which the plaintiffs herein request, is to strike the memorandum in its entirety. As a compromise, the Court could simply decline to consider the contents of the memorandum past the 25th page of content (i.e., the page numbered 33). In this way, prejudice to the plaintiffs could be remedied without entirely depriving the defendants of the opportunity to move for relief.

On February 8th, when the Court set the submission deadline, the Court indicated that no extensions of time would be granted. Neither party requested an extension of time. When the defendants filed their motion on April 8th, they did not file a 56.1 statement. The defendants did not file their Rule 56.1 statement until April 11th. Once again, the defendants took for themselves an advantage that was not available to the plaintiffs, including not merely the advantage of additional time, but also the advantage of having time to review the plaintiffs' entire submission before filing their own. The plaintiffs respectfully request that the Court strike the defendants rule 56.1 statement for this reason. It is difficult to think of a remedy short of striking the document which would provide relief. The only alternative I can think of is to grant the plaintiffs a few additional days after the current deadline of May 13th, perhaps to May 16th, for the submission of their opposition to the defendants' motion, while strictly enforcing the May 13th deadline on the defendants. The plaintiffs would thereby have an opportunity to review the defendants next submission before filing their own.

Respectfully submitted,

David Thompson

cc: Welton K. Wisham, Esq. (ww8674)
The Law Office of Welton K. Wisham
43 West 43rd Street, Suite 95
New York, New York, 10036-7424
Attorney for the Defendants