# THE LAW OFFICES OF
# WELTON K. WISHAM, ESQ
ATTORNEY AND COUNSELLOR AT LAW
43 West 43rd Street, Suite 901
New York, New York 10036-7424

**MEMO ENDORSED**

Office (212) 709-8183                                              Facsimile: (718) 678-8062

May 2, 2016

ECF
Hon. Kenneth M. Karas
United States Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

Re: Vaughn Scott, et.al. v. City of Mount Vernon, et.al.
    Opposition to Proposed Motion to Strike

Your Honor.

 I represent all the Defendants in the above caption matter as outside legal counsel.  On Friday April 29, 2016, I received notice from Plaintiff's counsel, Mr. David Thompson requesting a pre-motion conference regarding his intent to move this Court for an order striking Defendants' memorandum of Law and Rule 56.1 statement because I exceeded the 25 page limit in my Memorandum of Law in Support of the Defendant's Motion for Summary Judgment and the 56.1 statement was filed on April 11, 2016.

First, the excess pages were not submitted based on willful neglect ignoring the Court's individual rules and practices.  Nor were the excess pages intended to gain some sort of an unfair advantage as claimed by the Plaintiff's counsel.  To be quite honest your honor, I was unaware of the page limitation.

I have never engaged in any form of intentional misconduct or willful abuse of the Federal rules of practice in the Fifteen years of practice.  There is no excuse, and I therefore make none to this honorable Court of not being aware of the page limitation.  Nevertheless, my intent in filing the memorandum of law was to bring to the Court's attention all the issues presented by the ten plaintiffs and five defendants based on all the pleadings, including  the vast number of depositions contained in the instant matter.

The Plaintiff's complaint contains numerous allegations filed without basis, or merit.  I was compelled to address each and every allegation against the Defendants with regards to racial discrimination, harassment, and pattern and practices by the City of Mount Vernon, **the Mount**

1

Vernon police department and to defend a police officer John Gamble who was never involved in the incident which never existed.

I was also attempting to show the Court the reasonableness of the actions taken by the defendant police officers which authorized the officers to enter the home of the plaintiffs without a warrant.

My memorandum of law contains a section for qualified immunity dismissing plaintiff's complaint which begins on page fifty of my memorandum.

Mr. Thompson failed to mention in his request that the Court had order both parties to enter into a stipulation limiting the issues in this case. Mr. Thompson failed to contact me to discuss those claims set forth in his complaint which he would be willing to withdraw for which Defendants need not respond. Defendants were therefore compelled to respond to Plaintiff's initial filing of their complaint.

I should have requested leave from the court permitting the excess pages to be filed and included in my memorandum of law prior to the original filing on April 8, 2016.

My actions amounted to excusable neglect and I respectfully request this Court to allow the parties to respond to both memorandum of law by the May 13, 2016, deadline or to enlarge the Plaintiffs time to respond.. This office will certainly vigorously attempt to adhere to all the federal rules and individualized rules within the Southern District of New York pertaining to this litigation.

Second, I filed all Defendants' documents electronically on April 8, 2016. I was notified that my documents were filed in error under the wrong event which I immediately corrected.

I apologize to the Court for any inconvenience.

In addition, I hereby seek permission for the Court to exceed the twenty five page limitation for the reasons set forth above or in the alternative, I request permission from the Court to amend the initial filing and to refile Defendant's Memorandum of Law in order to comply with the twenty five page limitation. Plaintiff would not be prejudice by permitting defendants to either exceed the page limitation or to allow defendants an opportunity to amend and thus conform to the page limitation.

I thank you for your consideration and understanding in this most important matter.

Yours etc,
/s/ _____
Welton K. Wisham, Esq. (ww8674)

Enclosures//
Law Office of Welton K. Wisham

> The Court's Individual Practices and the Scheduling Order of 2/8/16 make clear what the page limits are. Therefore counsel is to withdraw the previously-filed brief and replace it with a 25-page brief by 5/13/16. So ordered. 5/3/16