# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

May 17, 2016

**BY ECF**
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:  Scott et al. v. The City of Mount Vernon et al., 14-cv-04441 (KMK)

Dear Honorable Judge Karas:

I write as attorney for the plaintiffs in the above-captioned action. I write to call the Court's attention to the fact that the defendants failed to file any opposition to the plaintiff's motion for summary judgment on May 13, 2016, when their opposition was due. Because the defendants' failure must be considered willful or grossly negligent, the plaintiffs respectfully request that the Court deem the defendants submissions on this motion complete, and bar further submissions by the defendants in opposition.

The defendants' motion for summary judgment was originally due on April 8, 2016. *See* FEB. 9TH SCHEDULING ORDER, DOCKET NO. 18. The plaintiffs' motion was due the same date. Oppositions were to be due on May 13th. The plaintiffs filed their motion on April 8th. On April 8th, the defendants filed their own affirmative motion papers, lacking any Rule 56.1 statement, and containing a 53-page memorandum of law (in violation of the Court's individual rules). *See* DOCKET NOS. 23-28. The defendants did not file a Rule 56.1 statement until April 14th. *See* DOCKET NO. 33.

This Court generously granted the defendants until May 13th to re-write and re-file their defective memorandum of law. *See* MAY 3RD ORDER, DOCKET NO. 37. The defendants re-filed their memorandum of law on May 12th, thus completing the process of filing their affirmative motion. *See* DOCKET NO. 40.

When the Court issued the May 3rd Order allowing the defendants to re-write and re-file their affirmative motion by May 13th, the plaintiffs sought an extension of their time to respond to

the motion. The plaintiffs' letter motion was quite clear that the extension of time sought by the plaintiffs applied only to the plaintiffs' deadline.

The defendants did not request any extension of their own deadline for opposition. Had they done so, such a request should have been denied. The plaintiffs' request that the Court extend the plaintiffs' deadline to respond was related to a genuine need (brought about by the defendants negligence). The plaintiffs could not respond to the defendants' motion on the original deadline, because the defendants obtained leave to file their affirmative motion on the same date that the oppositions were originally due. For the defendants, on the other hand, there was no need for an extension of time for opposition. With the plaintiffs' affirmative motion properly filed on the original due date of April 8th, the defendants faced no difficulty in opposing the motion by the Court-ordered deadline.

Given the fact that the defendants did not request an extension of their opposition deadline, and that they did not need an extension of their opposition deadline, the Court properly so-ordered the plaintiffs' request for an extension of time, without modifying the defendants' deadline in any way.

Thus, the defendants' deadline for opposition remained May 13th. That date has passed, however, and the defendants did not submit any opposition. For this reason, the Court should deem the defendants' opposition waived. The defendants made the affirmative choice either to ignore the operative deadline, or to fail to read the orders that set the deadline as applicable to them. In the course of briefing this motion, the defendants have already blundered their way into one extension of time to file papers by failing to comply with rules and deadlines. The defendants should not be permitted to extend their deadlines a second time simply by feigned (or actual) ignorance of the Court's orders and rules. The only fair result is to deem the defendants submissions on this motion complete, and to bar further submissions by the defendants in opposition.

Such an order – enforcing respect for the Court's orders and fairness to the adversary -- would not be unduly harsh on the defendants. The defendants, in a very real sense, have had the opportunity to incorporate responsive factual and legal arguments into their affirmative motion. The defendants filed their memorandum of law on May 12th, having had more than a month to review the plaintiff's memorandum. The defendants filed their affirmative Rule 56.1 statement on April 14th, having had six days to review the plaintiff's affirmative Rule 56.1 statement.

It is true that a party's failure to oppose a Rule 56.1 statement generally means that the statement is "deemed admitted as a matter of law." *See Hi Pockets, Inc. v. Music Conservatory of Westchester, Inc.*, 192 F. Supp. 2d 143, 147 (S.D.N.Y. 2002). However, the defendants filed a

Rule 56.1 statement, ostensibly stating sufficient facts for this Court to grant summary judgment to the defendants, and presumably responding to the plaintiff's statement filed earlier. To the extent that the facts stated in the defendants' April 14th Rule 56.1 statement address and oppose the facts stated in the plaintiffs' Rule 56.1 statement, then the plaintiffs' contentions would not be admitted as unopposed. (The defendants' facts might, however, still be found to be unsupported by admissible evidence, immaterial, etc.). The Court would read the defendants' affirmative motion papers as both an affirmative motion, and as the defendants' sole opposition to the motion of the plaintiffs. This would be fair to the defendants because they have invited the Court to do so by failing to file opposition papers.

For the foregoing reasons, the plaintiffs respectfully request that the Court deem the defendants submissions on this motion complete, and bar further submissions by the defendants in opposition. In so doing, the Court can serve the important goals of maintaining respect for the Court's orders and deadlines, and fairness in their enforcement, while the defendants will still have a chance for success both in their affirmative motion and in opposition, if the defendants' case has sufficient merit.

Thank you very much for your consideration.

Respectfully submitted,

David Thompson