

**Coughlin & Gerhart LLP**
ATTORNEYS AND COUNSELORS

BINGHAMTON
BAINBRIDGE
HANCOCK
ITHACA
MONTROSE
OWEGO
WALTON

**www.cglawoffices.com**

March 20, 2017

Coughlin & Gerhart LLP
P.O. Box 2039
Binghamton, NY 13902

Main: (607) 723-9511
Toll Free: 1 (877) COUGHLIN
Fax: (607) 723-1530
Email: psweeney@cglawoffices.com

**VIA ECF**
Hon. Kenneth M. Karas
U.S. District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> Re: **Vaughn Scott, et al. v. Mount Vernon, et al.**
> **Case No. 7:14-cv-04441-KMK**
> **Our File#: 18657-0155**

Dear Judge Karas:

This Firm now represents the Defendant, City of Mount Vernon and the other named defendants (collectively "Defendants") in the above referenced matter.  Prior to the recent filing of our Notice of Appearance (filed while the motion and cross-motion for summary judgment was pending), the City was represented by Corporation Counsel for the City of Mount Vernon and Welton Wisham, Esq.

### Purpose

This letter brief is submitted in response to the Court's direction that the parties brief issues relevant to the timeliness of Plaintiffs' state law false arrest (Fourth Cause of Action) and assault and battery (Fifth Cause of Action) claims assuming a one year and ninety day statute of limitations and the filing of the Plaintiffs' Complaint on June 19, 2014. [Dkt. 51].

### Facts

Plaintiffs allege that the underlying alleged wrongs occurred on March 13, 2013  [¶ 1, Dkt. 1].   The Plaintiffs' Complaint was filed on June 19, 2014, a period of one year and ninety-one days later.

### Discussion

Pursuant to Civil Practice Law and Rules (CPLR) Section 217-a and General Municipal Law Section 50-1, Plaintiffs were required to commence the action (i.e.,file the Complaint) within one year and ninety-days.   CPLR § 217-a provides:

Letter to Hon. Kenneth M. Karas
Re: Scott v. City of Mount Vernon, et al
Page 2
March 20, 2017

> Notwithstanding any other provision of law to the contrary, and irrespective of whether the relevant statute is expressly amended by the uniform notice of claim act, every action for damages or injuries to real or personal property, or for the destruction thereof, or for personal injuries or wrongful death, against any political subdivision of the state, or any instrumentality or agency of the state or a political subdivision, any public authority or any public benefit corporation that is entitled to receive a notice of claim as a condition precedent to commencement of an action, shall not be commenced unless a notice of claim shall have been served on such governmental entity within the time limit established by section fifty-e of the general municipal law, and such action must be commenced in compliance with all the requirements of section fifty-e and subdivision one of section fifty-i of the general municipal law.

CPLR § 217-a (McKinney)

General Municipal Law ("GML") § 50-i provides:

> No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city...or of any officer, agent or employee thereof...unless, (a) a notice of claim shall have been made and served upon the city, county, town, village, fire district or school district in compliance with section fifty-e of this article, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice, or if service of the notice of claim is made by service upon the secretary of state pursuant to section fifty-three of this article, that at least forty days have elapsed since the service of such notice, and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.

GML § 50-i (McKinney)

"The proper method when computing time periods is to exclude the day of the event and to include the last day up to midnight of that day (General Construction Law § 20)."  *Bacalokonstantis v. Nichols*, 141 A.D.2d 482 (2d Dept. 1988).

There is no question that the time period is a controlling "statute of limitations."  "This Court has consistently treated the year–and–90–day provision contained in section 50–i as a statute of limitations." *Campbell v. City of N.Y.*, 4 N.Y.3d 200, 203 (2005).  "Section 1983 does not contain its own statute of limitations. Thus the 'most appropriate' period of limitations provided by state law must be applied. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d

Letter to Hon. Kenneth M. Karas
Re: Scott v. City of Mount Vernon, et al
Page 3
March 20, 2017

295 (1975); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 (2d Cir. 1980)."
*Taylor v. Mayone*, 626 F.2d 247, 250–51 (2d Cir. 1980).

"Federal courts do have the power to toll statutes of limitations borrowed from state law, but only where application of the statute of limitations would frustrate the policy underlying the federal cause of action. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975); *Meyer v. Frank,* 550 F.2d at 729. Use of the New York statute of limitations in § 1983 actions does not violate such policy." *Jewell v. Cty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990).

All of the events alleged occurred on March 20, 2013. Plaintiffs' false arrest claim lasted a total of five (5) hours. As such, their alleged claims accrued on March 20, 2013 as opposed to a later date. *Brownell v. LeClaire*, 96 A.D.3d 1336, 1337, 948 N.Y.S.2d 168, 170 (3rd Dept. 2012) (accrual of claim upon release from prison).

Plaintiffs have failed to commence their action seeking relief under state law within the time required by state law. [In addition, the Complaint contains no reference to service of a notice of claim (GML § 50-i(a)) or the passage of thirty days for the adjustment of the claim (GML § 50-i(b).] There is no authority for this Court to toll the statute of limitations. As such, dismissal of the claims is warranted.

To the extent that the City's Answer [Dkt. 3] does not contain an express affirmative defense alleging lack of subject matter jurisdiction and/or the statute of limitations, your undersigned respectfully requests leave of Court to so amend the Answer so as to assert those affirmative defenses.

Respectfully submitted,

COUGHLIN & GERHART, LLP

By: Paul J. Sweeney
    Partner

PJS/

cc:  David A. Thompson, Esq. (*via ECF*)