# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:     (212) 566-8000
FAX:    (212) 202-4952
DAVE@SCTLAW.NYC

March 20, 2017

**BY ECF**
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

       Re:  *Scott et al. v. The City of Mount Vernon et al.*, 14-cv-04441 (KMK)

Dear Honorable Judge Karas:

    I write as attorney for the plaintiffs in the above-captioned action. The parties in this action filed crossing motions for summary judgment, which were fully briefed on June 20, 2016. The Court has now, *sua sponte*, raised the issue of whether the statute of limitations bars some of the plaintiffs' claims. The plaintiffs submit this letter in response to the Court's request for a three page letter brief addressing this issue.

    The defendants filed their answer on November 17, 2014. The answer asserted 24 affirmative defenses. The statute of limitations was not one of the defenses asserted. The defendants did not, at any time, assert the affirmative defense of the statute of limitations.

    Because the defendants did not raise this affirmative defense, it was waived. Moreover, it would be reversible error for this Court to grant summary judgment to the defendants on this ground.

    "A claim that a statute of limitations bars a suit is an affirmative defense, and, as such it is waived if not raised in the answer to the complaint." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 967 F.2d 742, 750-751 (2d Cir. N.Y. 1992) (citing Fed. R. Civ. P. 8(c); *United States v. Continental Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1253 (2d Cir. 1989); 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (1990)) (holding that defendants who failed to assert the defense in their answer waived it). *See also Perez v. City of New York*, 2006 U.S. Dist. LEXIS 94211 *16-18, 2007 WL 14486 (E.D.N.Y. Dec. 29, 2006) ("the Second Circuit and virtually every other federal court has long

held that the '[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case.'") (quoting *United States v. Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1253 (2d Cir. 1989) and *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE & PROCEDURE CIVIL 3D § 1278 (2004)).[1]

Where the statute of limitations defense is not raised in the answer, it should not be considered at summary judgment, even if raised by the party asserting it. *See Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 482, 2014 U.S. App. LEXIS 13179, *19 (2d Cir. N.Y. 2014) (declining, on appeal from a decision on summary judgment, to consider "statute-of-limitations defenses that were not asserted in the[] answer.").

Moreover, it is generally reversible error for a district court to grant summary judgment *sua sponte*. In a Section 1983 case, the Second Circuit reversed and remanded grant of summary judgment to defendants based, in part, on *sua sponte* consideration of a statute of limitations defense not raised by the defendants. The Court held:

> [T]he district court's ruling that Davis's claim would be barred by the statute of limitations was raised by the court *sua sponte* and we conclude that the granting of an order of summary judgment herein in favor of appellees based on the court's *sua sponte* determination was an error of law.

*See also Rodriguez v. McElroy*, 124 Fed. Appx. 702, 2005 U.S. App. LEXIS 5288 (2d Cir. N.Y. 2005) ("Defendants failed to raise the statute of limitations as an affirmative defense in their answer. Therefore the district court erred in granting defendants' motion for summary judgment on that ground.") (citing Fed. R. Civ. P. 8(c); *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987)).[2]

It is sound policy to narrowly limit consideration of otherwise-waived affirmative defenses *sua sponte* . A district court which undertakes to consider issues *sua sponte* which were not raised by the parties shoulders a heavy burden. Fairness requires that, in such circumstances, the court must search the record assiduously for **all** potentially significant or determinative issues, to ensure that no one party receives an asymmetrical benefit from the court's venture beyond the confines of the issues raised by the parties themselves. Moreover, where the parties have fully litigated a case up to and through full briefing of a motion for summary judgment, judicial efficiency is no longer served as it might have been had the defendants properly asserted a statute of limitations in their pleadings as Rule 8(c) requires.

---

[1] Waiver of the defense occurs by operation of Rule 8(c), and Rule 12(h) provides no exception. *See Perez*, 2006 U.S. Dist. LEXIS 94211 at *16.

[2] Courts are permitted, but not required, to raise the statute of limitations in habeas corpus cases, because of the language of Section 2254, and policies applicable to the use of the writ. *See Hardiman v. Reynolds*, 971 F.2d 500, 504-505, 1992 U.S. App. LEXIS 16312 (10th Cir. Okla. 1992).

2

Here, the defendants asserted 24 affirmative defenses. They failed to assert any entitlement to the defense of statue of limitations, as Rule 8(c) requires. They fully litigated the case through discovery and summary judgment without attempting to raise the defense at any time. The defense is waived, and this Court should not consider it.

Respectfully submitted,

David Thompson